United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SCOTT SLAUSON,<br><br>Defendant. | Case No. 20-cv-05416-DMR<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 45 |

Plaintiffs Boards of Trustees for the Laborers Health and Welfare Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("Trust Funds") filed the complaint on August 5, 2020.  They allege that Defendant Steven Scott Slauson, individually and dba Triple S Electric Co. ("Triple S"), breached the terms of a collective bargaining agreement in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by failing to pay employee fringe benefit contributions, liquidated damages, interest, and audit fees.  Plaintiffs now move for summary judgment. [Docket No. 45.]  This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is denied.

**I.   DISCUSSION**

Plaintiffs allege that Triple S failed to pay employee fringe benefit contributions and associated charges for work performed for Triple S by two individuals, Rene Hernandez and Rudy Argueta, for the time period January 2014 through September 2018 (the "audit period"), under the

terms of several agreements: the March 21, 2008 Memorandum Agreement between Triple S and the Northern California District Council of Laborers, which incorporated the terms and conditions of the Laborers' Master Agreement for the period June 26, 2006 through June 30, 2010; the Laborers' Master Agreements for 2012-2015 and 2018-2023; and the Trust Agreements governing the Trust Funds.[1] [Docket No. 45-5 (Lauziere Decl., Apr. 5, 2022) ¶¶ 3, 7, Exs. A, E, D, E.]

Plaintiffs' motion for summary judgment is denied due to the existence of clear disputed material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). A single dispute of material fact is enough to warrant denial of summary judgment. There are at least two key disputed facts and potentially more.

One has to do with the work performed by Hernandez and Argueta, who are members of the Laborers Union Local No. 304 who worked for Triple S from 2007 through 2018. They state that throughout their employment with Triple S, they worked as "General Laborers" and performed work "traditionally performed by Laborers." [Docket Nos. 45-11 (Argueta Decl., Aug. 13, 2021) ¶¶ 3-4, 8; 45-12 (Hernandez Decl., Mar. 24, 2022) ¶¶ 3-4, 8.] Therefore, Plaintiffs contend, Hernandez and Argueta's work for Triple S was covered by the Master and Trust Agreements and Triple S was required to comply with reporting and payment obligations for all such work, which it failed to do. However, Slauson disputes that Hernandez and Argueta performed "covered" work during the audit period. He states that he "never requested the Union dispatch any laborers to [him] during the 2014-2018 audit period," and that during this time, Hernandez and Argueta exclusively performed "low voltage electrician work," which he asserts is work not covered by the Master Agreement. [*See* Slauson Decls., Apr. 25, 2022, Docket Nos. 48-1 at ECF at ¶ 37; 48-2 at ¶ 17; 48-3 at ¶¶ 13-27, 33; 48-4 at ¶¶ 14-27, 34.][2]

---

[1] Inexplicably, the record does not contain the Master Agreement covering the years specified in the Memorandum Agreement at issue, 2006 through 2010. Plaintiffs submitted the Master Agreements covering the periods 2012-2015 and 2018-2023 only. *See* Lauziere Decl. ¶ 7.

[2] Plaintiffs argue that the court should disregard Triple S's evidence because Slauson's declarations are unsigned, undated, and based on inadmissible hearsay. Reply 1-2. The court

Another factual dispute is whether Triple S was "signatory and bound to a written collective bargaining agreement" with the Union for the audit period and thus obligated to make fringe benefit contributions during the audit period. *See* Lauziere Decl. ¶ 7. The March 21, 2008 Memorandum Agreement incorporates the terms and conditions of the Laborers' Master Agreement for the period June 26, 2006 through June 30, 2010. The termination provision in the 2008 agreement states that the Master Agreement will continue through future renewals "unless either party to this Memorandum Agreement gives written notice to the other of the desire to change or cancel not more than ninety (90) days nor less than sixty (60) days prior to June 30, 2010, or June 30th of any year in which the Master Agreement may terminated." Memorandum Agreement. Plaintiffs contend that this provision creates "a fixed window period [in which to give notice to change or cancel] of April 1 to April 30." Mot. 11.

Triple S disputes that it was bound by any Master Agreement after 2010 because it "properly terminated [its] 2006-2010 agreement with the Union," pointing to Slauson's February 19, 2013 letter to "Laborer's International Union of North America Local 304," and because Triple S "never signed any subsequent memorandum agreement with the Union, after 2010." [Docket Nos. 48-2 at ¶ 16; 48-7 at ECF p. 11 (Feb. 19, 2013 letter).] Plaintiffs argue that the February 19, 2013 letter did not terminate Triple S's agreement with the Union for two reasons: first, Triple S sent the letter outside of the fixed window period of April 1 to April 30; and second, Triple S sent the letter to Local 304, which was the incorrect party, since the "other [party]" to the Memorandum Agreement was the Union, not Local 304. Mot. 11. In response, Triple S contends that its "Notice of Termination was appropriate and timely" under the termination provision

---

agrees that Triple S presented its evidence in a disorganized, confusing manner. However, the Ninth Circuit has held that "[a]the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (citing cases). "Evidence may be offered to support or dispute a fact on summary judgment . . . if it could be presented in an admissible form at trial," *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 925-26 (9th Cir. 2014) (internal quotation marks and citation omitted). In order to prevail on their objections, Plaintiffs must show that the evidence "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). As Triple S may be able to present Slauson's statements in an admissible form at trial, the court overrules the objections.

because Local 304 was a party to the Memorandum Agreement. [Docket No. 48-2 at ¶ 19.] It also argues that the notice was timely because it "was a conditional notice and required Plaintiffs to issue a credit for an error" made on Triple S's account. According to Slauson, the February 2013 letter conveyed that "[i]f Plaintiffs didn't issue the credit within 30 days the termination would take effect. On April 2, 2013 Plaintiffs responded to [his] Notice and refused to issue the credit, which made [his] Notice of Termination effective on that date." *Id*. at ¶ 23. Triple S argues that its termination notice was timely because April 2, 2013 was within the contractual termination window. *Id*. Triple S further argues that Plaintiffs stopped sending it Monthly Contribution Reports after October 2013 because "the Union had accepted [its] Notice of Termination." *Id*. at ¶ 21.

The dispute about the efficacy of Triple S's February 19, 2013 letter raises questions of contract interpretation. Triple S's opposition brief makes passing reference to "issues . . . of contractual interpretation" and "contract abrogation," but offers no meaningful analysis, and Plaintiffs' reply fails to grapple with the issue. Accordingly, a dispute of fact exists as to whether Triple S was bound by the 2012-2015 and 2018-2023 Master Agreements and thus was obligated to make fringe benefit contributions for the audit period.

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied. The court will hold a further case management conference on July 20, 2022 at 1:30 p.m. via Zoom videoconference to reset the pretrial and trial deadlines.

**IT IS SO ORDERED.**

Dated: July 5, 2022



_____
Donna M. Ryu
United States Magistrate Judge

4