UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, IN THEIR CAPACITIES AS TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SCOTT SLAUSON,<br><br>Defendant. | Case No. 20-cv-05416-DMR<br><br>**PRETRIAL ORDER** |

Following the pretrial conference held on April 26, 2023, the court sets forth its pretrial rulings below to summarize its rulings from the bench.

**I.   CONDUCT OF TRIAL**

**Trial Schedule:** Trial will take place on May 15 and 16, 2023. Trial testimony will begin at 9:30 a.m. and will end by 2:30 p.m. Counsel must arrive by 9:15 a.m. There will be two 15-minute breaks and one 30-minute lunch.

Trial time is limited to eight hours (4.5 hours for Plaintiffs and 3.5 hours for Defendant). In addition to these limits, each side has 15 minutes for an opening statement. In lieu of closing arguments, the parties will submit proposed findings of fact and conclusions of law with citations to the trial transcript on a schedule to be determined by the court.

**Objections:** Please stand to make an objection. Do not make speaking objections or offer argument. State the rule or basis for the objection (e.g., "403," or "hearsay"). Do not offer a rebuttal unless requested. If requested, rebuttal must be brief (e.g., "not offered for the truth.").

**Witnesses:** No witness may testify unless they have been identified in the pretrial submissions and May 12, 2023 disclosure, except for true rebuttal or impeachment witnesses upon a showing of good cause. No witness may be in the courtroom while not testifying except for Plaintiffs' representative Ana Sorenson and Defendant Slauson.

**COVID-19 protocols**: All courtroom occupants shall maintain social distancing at all times and wear masks at all times unless they are actively speaking.

**Exhibits:** No exhibit may be used unless it has been identified in the pretrial submissions and May 12, 2023 disclosure except for true impeachment exhibits upon a showing of good cause. The exhibit binders submitted by each side will be used by the court and by witnesses. The parties must bring separate copies of exhibits for marking and admission at trial.

**Deposition Transcripts:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) at the beginning of the trial for use by the court and shall have extra copies available for use by the party and the witness. All other parties are expected to have their own copies available.

**Settlement:** The parties must promptly notify the court of a settlement by sending an email to **DMRsettlement@cand.uscourts.gov**.

## II.   PLAINTIFFS' MOTION IN LIMINE

Plaintiffs move pursuant to Federal Rule of Evidence 402 to preclude Defendant from offering any evidence related to Defendant's "purported termination of its Collective Bargaining Agreement" on the ground that termination is not a valid defense to Plaintiffs' claims for unpaid contributions as a matter of Ninth Circuit law. [Docket No. 71.] The motion in limine is denied. In *Carpenters Health & Welfare Trust Fund for California v. Bla-Delco Const., Inc*., 8 F.3d 1365, 1367 (9th Cir. 1993), plaintiff trust funds filed suit for unpaid contributions and the defendant employer responded that it had terminated its contribution obligations by terminating the CBA with the union. The district court dismissed the action for failure to exhaust contractual remedies under the CBA and did not reach the issue of termination. The Ninth Circuit held that the trust funds were not bound by the arbitration and grievance procedures of the CBA. *Id*. at 1369. It also

1   held that "[t]he CBA was a valid contract and [the employer] was bound by its terms to pay
2   contributions to the Trust Funds," and that because the employer's purported termination rendered
3   the CBA voidable rather than void, it was "not a legitimate defense to the Trust Funds action."
4   *Id.*; *see also Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774-75 (9th Cir.
5   1986) (holding that a defense that goes to whether a CBA is "voidable" rather than "void" is not a
6   legitimate defense to an action to recover delinquent contributions).

7   Plaintiffs' position is that *Bla-Delco* and earlier Ninth Circuit cases establish a bright line
8   rule prohibiting contract termination defenses in actions for unpaid contributions.  However,
9   subsequent cases have given a *Bla-Delco* a narrow reading.  *See, e.g., Laborers Health & Welfare*
10  *Trust Fund for Northern California v. Fisher Development, Inc.*, 81 F.3d 168, *5 (9th Cir. 1996)
11  (noting that the Ninth Circuit's "intention [in *Bla-Delco*] was not to preclude evidence that there
12  was no valid contract between parties that would give rise to an obligation for an employer to pay
13  into the trust funds as required by a master agreement."); *Laborers Health & Welfare Trust Fund*
14  *for N. Cal. v. Leslie G. Delbon Co., Inc.*, 199 F.3d 1109, 1110 (9th Cir. 2000) (distinguishing *Bla-*
15  *Delco* on the ground that it "dealt with a dispute regarding termination that neither party had
16  shown an intention to abandon" whereas "the Union [in *Delbon*] threatened to file suit [to compel
17  arbitration regarding purported termination] within ten days but instead did nothing for over ten
18  years."); *see also Sheet Metal Workers' Int'l Ass'n, Loc. 206 v. West Coast Sheet Metal*, 954 F.2d
19  1506, 1509 (9th Cir. 1992) (rejecting as arbitrary argument that "the only recognizable defenses to
20  fully enforcing an employer's obligation to contribute to a trust fund are that the contributions are
21  illegal or that the collective bargaining agreement is void *ab initio*.").  Accordingly, in light of
22  subsequent decisions narrowly interpreting *Bla-Delco*, the court will hear the evidence and will
23  determine whether it should consider Defendant's termination defense.

24  **III.    PLAINTIFFS' OBJECTIONS TO WITNESSES**
25  The parties shall immediately meet and confer to schedule the depositions of Joe Thallest
26  and Joe Hopkins, which shall take place in person as soon as possible.  All expenses shall be borne
27  by Defendant, including court reporter and videographer fees, expedited transcripts, and attorneys'
28  fees.  *See* Fed. R. Civ. P. 37(c)(1) (authorizing sanctions for failure to "identify a witness as

required by Rule 26(a)").

**IT IS SO ORDERED.**

Dated: May 1, 2023



Donna M. Ryu
Chief Magistrate Judge